UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

January 9, 2024

LETTER TO ALL PARTIES

Re:   *Lovess v. Capital One Bank (USA) N.A. et al.*
      Civil No. 23-2100-BAH

Dear Parties:

Pending before the Court are the following motions: (1) Defendant LexisNexis Risk Solutions Inc.'s ("LNRS's") motion to dismiss the complaint for failure to state a claim ("LNRS's motion to dismiss"), ECF 30; (2) Defendant Experian Information Solutions, Inc.'s ("Experian's") motion to dismiss the complaint for failure to state a claim ("Experian's motion to dismiss"), ECF 32; (3) Plaintiff's motion for leave to file a first amended complaint ("Plaintiff's motion for leave"), ECF 36; (4) Plaintiff's motion for Clerk's entry of default against Equifax Information Services, LLC ("Equifax") for want of answer or other defense ("Plaintiff's motion for Clerk's entry of default"), ECF 37; and (5) Equifax's motion for leave to join Experian's motion to dismiss ("Equifax's motion for leave), ECF 46.  Defendant Capital One Bank, N.A., as successor in interest by merger to Capital One Bank (USA), N.A., ("Capital One") also filed a stipulation of dismissal as to the claims against it.  ECF 45.   I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2023).  For the reasons set forth more fully below, LNRS's and Experian's motions to dismiss are DENIED AS MOOT, Plaintiff's motion for leave is GRANTED, Plaintiff's motion for Clerk's entry of default is DENIED AS MOOT, and Equifax's motion for leave is DENIED AS MOOT.  Moreover, Capital One's stipulation is APPROVED, and Capital One will be DISMISSED from this action.

LNRS filed its motion to dismiss on October 2, 2023, ECF 30, and Experian its motion to dismiss on October 6, 2023, ECF 32.  Judge Griggsby entered scheduling orders regarding both motions to dismiss, setting Plaintiff's deadline to respond to Experian's motion to dismiss as October 20, 2023, ECF 25, and to LNRS's motion to dismiss as October 23, 2023, ECF 29. After both motions to dismiss were filed, the Clerk's Office mailed Plaintiff, who is proceeding *pro se*,[1] Rule 12/56 notices, which stated that Plaintiff had twenty-eight (28) days from the date of each notice to respond to each motion to dismiss "unless otherwise ordered by the presiding judge." ECF 31, at 1; ECF 33, at 1.  Had Judge Griggsby not already set the briefing schedule,

---

[1] Experian objects to characterizing Plaintiff as *pro se*.  ECF 32, at 7.  Experian contends that the similarity between Plaintiff's complaint and others filed in this Court as well as her status as a "serial litigant" demonstrate a "strong presumption that she is receiving outside assistance from either Thomas Alston or Jeffery Styles and is not a *pro se* plaintiff who is navigating the legal system alone." *Id.*  However, no attorney has entered an appearance on Plaintiff's behalf, so the Court will treat Plaintiff as proceeding without counsel.

*Lovess v. Capital One Bank (USA) N.A. et al.*
Civil No.: 23-2100-BAH
January 9, 2024
Page 2

per these notices, Plaintiff's deadline to respond to LNRS's motion to dismiss and Experian's motion to dismiss would have been October 31 and November 7, 2023, respectively.

On November 6, 2023, LNRS filed a letter noting that Plaintiff missed the response deadline and asking the Court to treat its motion to dismiss as unopposed. ECF 35. The same day, Plaintiff filed the motion for leave to file a first amended complaint. ECF 36. In that motion, Plaintiff explained that she "got confused with the due dates" after receiving the Rule 12/56 notices. *Id.* at 2. Experian opposed Plaintiff's motion for leave, arguing that Plaintiff's motion for leave should be denied because Plaintiff failed to comply with the case management order, ECF 7,[2] and because Plaintiff failed to oppose Experian's motion to dismiss. ECF 38, at 2–3. Experian also summarily asserted that amending the complaint would be futile but did not further elaborate on the basis for this assertion. *Id.* at 3. On December 8, 2023, Plaintiff replied to Experian's opposition to the motion for leave. ECF 42.

Under Fed. R. Civ. P. 15(a), a plaintiff may amend the complaint as of right until 21 days after serving the complaint or 21 days after service of a responsive answer or motion to dismiss. Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases," such as here, a plaintiff seeking to amend the complaint may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)).

"An amendment to a complaint is futile 'when the proposed amendment is clearly insufficient and frivolous on its face.'" *Daulatzai v. Maryland*, 338 F.R.D. 587, 589 (D. Md. 2021) (quoting *Miller v. Maryland Dep't of Nat. Res.*, 813 F. App'x 869, 880 (4th Cir. 2020)). If a proposed amended complaint would fail to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), amendment would be insufficient and, therefore, futile. *See id.*; *see also Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019); *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). However, a court may decline to find amendment futile where the proposed amended complaint does not raise obviously "frivolous legal theories" or "readily apparent factual flaws." *Daulatzai*, 338 F.R.D. at 589 (citing *Harris v. Salley*, 339 F. App'x 281, 283 (4th Cir. 2009); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 511 (4th Cir. 1986)).

Here, only Experian opposed the motion and posits without explanation that amendment would be futile. ECF 38, at 3. The Court declines to find that amendment would be futile based on a cursory assertion without any analysis from the parties because Plaintiff's proposed amended complaint is not so clearly insufficient as to warrant denial of leave to amend. Plaintiff's original complaint appears to be largely copied and pasted from a different unrelated

---

[2] The Court will hereby rescind the case management order. The parties are no longer required to file a notice of intent to file a motion. They may simply file the motion.

complaint, as it refers repeatedly to defendants not actually named and fails to state facts pertaining to the defendants who *are* named. *See generally* ECF 4. Plaintiff's proposed amended complaint, by contrast, refers to conduct by the named defendants. *See generally* ECF 36-2. Moreover, Plaintiff's motion for leave came only weeks after Plaintiff's deadline to respond to the motions to dismiss per the scheduling orders. Had the deadlines noted in the Rule 12/56 notices applied, the motion would only be days late as to LNRS's motion to dismiss, and it would be timely as to Experian's motion to dismiss. There is little, if any, prejudice to the defendants in permitting Plaintiff leave to amend, as the litigation is relatively nascent. As such, the Court will grant Plaintiff's motion for leave to amend the complaint. LNRS's and Experian's motions to dismiss are therefore denied as moot. Defendants are free to move to dismiss the amended complaint and may do so without first filing a notice.

On November 17, 2023, Plaintiff also moved for Clerk's entry of default against Equifax pursuant to Fed. R. Civ. P. 55 for failure to respond to the original complaint. ECF 37. Because the Court grants Plaintiff's motion for leave to amend the complaint, the original complaint is no longer the operative pleading in this case. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (noting that amended pleadings supersede original ones except for the limited purpose of appellate review of claims dismissed in original complaint that were not included in amended complaint). Accordingly, Plaintiff's motion for Clerk's entry of default is denied as moot. *See G & G Closed Circuit Events, LLC v. Castro & Cedillos, Inc.*, Civil No. DKC 11–3274, 2012 WL 748577, at *2 (D. Md. Mar. 6, 2012) (finding a motion for entry of default moot in light of an amended complaint); *Jiggetts v. Janseen Pharms.*, Civ. No. RDB-18-3399, 2019 WL 4261726, at *3 (D. Md. Sept. 9, 2019) (same); *Vanguard Fin. Serv. Corp. v. Johnson,* 736 F. Supp. 832, 835 (N.D. Ill. 1990) (striking motion for default judgment as moot upon filing of amended complaint).

Further, on January 4, 2024, Equifax filed its motion for leave to join Experian's motion to dismiss. ECF 46. In that motion, Equifax conceded that "Plaintiff apparently served Equifax's registered agent, CSC on July 11, 2023," but explained that "CSC did not forward the Complaint or otherwise notify Equifax it had been served in this lawsuit." *Id.* at 1. Rather, CSC "inadvertently forwarded the Summons and Complaint served on July 11, 2023 to another client who was also listed as a defendant in this matter. CSC did not realize its error until contacted by Equifax on December 20, 2023." *Id.* at 2. The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Given this strong preference and because Equifax is now engaged in the litigation, default against Equifax is not appropriate. As for Equifax's motion for leave, given that the Court grants Plaintiff leave to amend the complaint which renders Experian's motion to dismiss moot, the Court will also deny Equifax's motion for leave as moot.

Additionally, Judge Griggsby had scheduled a Rule 16 teleconference for January 18, 2024. *See* ECF 34, at 2–3. This teleconference is hereby CANCELLED. Should the parties wish to reschedule the teleconference, they should contact my chambers

*Lovess v. Capital One Bank (USA) N.A. et al.*
Civil No.: 23-2100-BAH
January 9, 2024
Page 4

([MDD_BAHChambers@mdd.uscourts.gov](mailto:MDD_BAHChambers@mdd.uscourts.gov)) with their availability.

     Despite the informal nature of this letter, it is a memorandum opinion of the Court and shall be docketed as such. A separate implementing order follows.

                           Sincerely,

                           /s/

                           Brendan A. Hurson
                           United States District Judge